MAE A. CAROLAN, as Administratrix, etc., of THOMAS CAROLAN, Deceased, Respondent, v. GEORGE V. VENECHANOS and Others, Defendants, and GEORGE V. VENECHANOS and GEORGE T. VENECHANOS, Individually, Appellants.— Judgment unanimously affirmed, with costs. The evidence permitted a finding that the decedent was struck on the crosswalk when he had all but passed the truck which was being driven between the westerly rail of the south-bound track and the westerly curb of Third avenue. · The front left wheel of the truck was at or close to the westerly rail at the time of the impact and its rear wheels were both to the west of this rail, showing the truck in a diagonal position from northwest to southeast, thus refuting the claim of the defense that the truck was being driven on the

south-bound track. The distance the decedent was thrown permitted the inference of speed. The police regulation (quoted and applied in *Cherubino* v. *Meenan*, 253 N. Y. 462, at p. 464), under the authority of that case, accorded to the decedent the right of way over this truck. The slightest observance of this ordinance* upon the part of the truck driver would have avoided the accident when the decedent had but a step to go to be safe. Judicial notice of this ordinance is required. (Greater New York Charter, § 1556.) † Contributory negligence was a question of fact. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233, 235; *Crough* v. *N. Y. Central Railroad Co.*, 229 App. Div. 340, 341.) Present — Lazanksy, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

* See N. Y. City Police Traffic Regulations, art. 2, § 6, subd. b.— [REP.

† See Laws of 1901, chap. 466, § 1556, as amd. by Laws of 1917, chap. 382.— [REP.